IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JASON SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | Trial By Jury Demanded |
| | ) | |
| UPS SUPPLY CHAIN SOLUTIONS | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**THE PARTIES**

1. The plaintiff, Jason Scott ("plaintiff") was at all times relevant to this complaint a resident of Dover, Kent County, Delaware.

2. The defendant, UPS Supply Chain Solutions ("UPS") is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801.

**JURISDICTION**

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII and the Delaware Discrimination in Employment Act ("State Discrimination Act"), 19 Del. C. §710, *et seq*. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

4. The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Prior to the filing of this action, the plaintiff timely filed a written charge of discrimination based on sex and sexual orientation with the Delaware Department of Labor and the EEOC on June 29, 2010 (Exhibit No. 1). This filing amended the charge of discrimination filed November 2, 2009 alleging discriminatory conduct beginning in May 22, 2009 and culminating in the plaintiff's termination on September 14, 2010 constituting a continuing course of conduct by the defendant.

6. On (), the Equal Employment Opportunity Commission issued to the plaintiff a "Right to Sue Letter" which was received by plaintiff on or about () ( "Notice of Right to Sue Letter" attached as Exhibit 2).

## FACTS

7. Scott is a 27 year old African American male who was hired by UPS as a collections associate for $13.50 an hour.

8. Scott has been an excellent full-time employee.

9. His prior UPS supervisors wrote him glowing letters of recommendation describing Scott as "very detail oriented" with "outstanding customer service skills".

10. At the same time of his termination, Scott was on the verge of being promoted.

11. UPS' reasoning for Scott's termination was based on false accusation of him clocking in late.

12. Similar to other employees, Scott arrived on time but was unable to clock in due to a breakdown in the company's attendance system.

13. Scott received rave reviews from his supervisor until the arrival of Supervisor O'Connell who made it well known that she had animosity towards him due to his sexual orientation.

14. O'Connell made it clear to other employees she was openly hostile to homosexuals.

15. O'Connell made discriminatory and slanderous statements about gays and bisexuals.

16. After Scott's termination, O'Connell confided to other employees she fired Scott due to his sexual orientation and mannerisms.

17. Reinforcing the pretext for Scott's termination, O'Connell accused several individuals of coming in late that very same day; however, Scott was the only employee terminated.

18. The reason given for the termination was pretextual and false since other heterosexual employees who also clocked in late were not terminated.

**COUNT I: GENDER STEREOTYPES**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

19. Title VII prohibits discrimination based on the failure to conform to traditional gender stereotypes. *Bibby v. Phila Coca Cola bottling Co*., et al , 260 F.3d 257 (3rd Circuit August 1, 2001)

20. Defendant discriminated against the plaintiff based on his nonconformance with gender stereotypes by treating him differently than similarly situated employees who conformed to gender stereotypes.

21. Several individuals who conform to gender stereotypes committed the same offense as Scott, yet Scott was the only employee terminated.

**COUNT II: DISCRIMINATION BASED ON**
**19 DEL. CODE. §710(C)(3)(D)**

22. Plaintiff incorporates herein and makes a part hereof, the allegations contained in paragraphs 1 through 22.

23. Plaintiff was harassed by Ms. O'Connell openly in front of coworkers due to his sexual orientation.

24. Defendant treated the plaintiff differently than similarly situated heterosexual employees in that the plaintiff was terminated for discriminatory reasons, in violation of 19 Del. Code. §710(c)(3)(d).

Plaintiff requests this Honorable Court enter a judgment in his favor and against the Defendant as follows:

a. Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b. Order the rehiring of the plaintiff at a level which is commensurate with his time and experience previously held by the plaintiff, or in lieu thereof granting the plaintiff front pay to compensate him for pecuniary losses he will suffer as a result of defendant's wrongful conduct.

c. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

d. Award the plaintiff sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

e. Award the plaintiff compensatory such as front pay and punitive damages not otherwise specified.

f. Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

g. Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and

h. Such other and further relief as this Court deems just and proper.

/s/ Ronald G. Poliquin

Ronald G. Poliquin I.D. No. 4447
1073 S. Governor's Ave.
Dover, DE 19904
(302) 674-2210
*Attorney for Plaintiff Jason Scott*

Dated: October 28, 2010