**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JASON SCOTT,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. No. 10-929-JCJ** |
| **UPS SUPPLY CHAIN SOLUTIONS, INC.** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, UPS Supply Chain Solutions, Inc. ("SCS" or "Defendant"), by its undersigned counsel and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff, Jason Scott ("Scott" or "Plaintiff"), subject to, and without waiving, the foregoing defenses, Defendant responds to the specific allegations contained in the numbered paragraphs of the Complaint:

1. Defendant admits that Plaintiff is a citizen of Delaware. Except as otherwise stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are admitted.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. Although the Complaint purports to assert claims under various statutes, Defendant denies that Plaintiff has any valid or cognizable claim under any such statute.

4. Defendant denies that Plaintiff has any valid or viable claim, but if Plaintiff did have a valid or viable claim, Defendant admits that venue in this Court would be proper. Except as otherwise stated, the allegations contained in Paragraph 4 of the Complaint are denied.

5. It is admitted that Plaintiff filed a charge of discrimination with the Delaware Department of Labor ("DDOL") on or about November 2, 2009 alleging sexual orientation discrimination. It is further admitted that Plaintiff amended his charge of discrimination with the DDOL and filed a charge of discrimination with the EEOC alleging sex discrimination (gender stereotyping) on or about July 15, 2010. Except as otherwise stated, the allegations contained in Paragraph 5 of the Complaint are denied.

6. Defendant admits that the EEOC issued Plaintiff, at Plaintiff's request, a Notice of Right to Sue. Defendant is without knowledge or information sufficient to form a belief as to the other allegations contained in Paragraph 6 of the Complaint.

7. It is admitted that Plaintiff is an African-American male. Defendant is without knowledge or information sufficient to form a belief as to the allegation concerning Plaintiff's age. Defendant denies that Plaintiff was an employee of Defendant and states that Plaintiff was a Kelly Services employee formerly on temporary assignment at Defendant's Newark, Delaware facility.

8. Defendant denies that Plaintiff was an employee of Defendant and states that Plaintiff was a Kelly Services employee formerly on temporary assignment at Defendant's Newark, Delaware facility. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that one of Defendant's supervisors, at Plaintiff's request, provided Plaintiff a written recommendation. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

**COUNT I**

19. Paragraph 19 of the Complaint contains statements of law and legal conclusions to which no response is required.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**COUNT II**

22. In response to Paragraph 22 of the Complaint, Defendant adopts and incorporates herein the foregoing responses to the preceding paragraphs of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

The allegations and inferences contained in Paragraphs "a" through "h" immediately following Paragraph 24 of the Complaint are denied. Defendant specifically denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

Plaintiff's Title VII claim asserted in the Complaint is barred, in part, by Plaintiff's failure to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission and his failure to exhaust administrative procedures and satisfy all prerequisites to suit. Without limiting the foregoing, Plaintiff claim is barred because the alleged discriminatory action occurred on or before September 14, 2009, more than 300 days prior to Plaintiff filing a Charge of Discrimination with the EEOC.

### THIRD DEFENSE

All actions taken by Defendant were based on, and because of, completely legitimate, non-discriminatory reasons, including Plaintiff's falsification of his time card. Plaintiff was not discriminated against in any respect because of his sexual orientation, gender or conformance with gender stereotypes.

### FOURTH DEFENSE

The claims asserted in the Complaint are barred because for completely legitimate, non-discriminatory reasons, including the falsification of Plaintiff's timecard, the challenged actions would have been taken in any case.

**FIFTH DEFENSE**

The claims asserted in the Complaint are barred because Plaintiff was not an employee of Defendant. Rather, at all times relevant to this action, Plaintiff was on temporary assignment at Defendant as an employee of Kelly Services, Inc., an independent contractor.

**SIXTH DEFENSE**

Plaintiff's claim and the relief sought are barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claim and requests for relief are barred because the conduct alleged in the Complaint is contrary to Defendant's good faith efforts to comply with the law, including Title VII and the Delaware Discrimination in Employment Act.

**EIGHTH DEFENSE**

The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate damages, including his failure to exercise reasonable diligence in securing other employment.

**NINTH DEFENSE**

Plaintiff's claims for relief are barred to the extent that Plaintiff seeks damages in excess of the limits imposed by applicable law. Without limiting the foregoing, Plaintiff's claim for front pay is not justified or viable under applicable law.

**TENTH DEFENSE**

The claims asserted in the Complaint are barred, in whole or in part, by the Plaintiff's misconduct and unclean hands, including Plaintiff's falsification of his timecard.

**RESERVATION OF RIGHTS**

Defendant intends to rely on such other defenses that may become available or apparent during the course of discovery in this case. Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

**RESPONSE TO REQUEST FOR JURY TRIAL**

Defendant objects to Plaintiff's demand for a jury trial with respect to any claim, issue, or element of relief with respect to which Plaintiff is not entitled to a jury trial as a matter of right.

WHEREFORE, having answered the Complaint, Defendant prays as follows:

a. that judgment be entered in favor of Defendant;

b. that the Complaint be dismissed with prejudice;

c. that Defendant be awarded its costs and attorney's fees incurred in defending against this action; and

d. for such other and further relief as the Court may deem just and proper.

*/s/ Lori A. Brewington*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant*
*UPS Supply Chain Solutions, Inc.*

OF COUNSEL:

Emmett F. McGee, Jr.
Paul A. Mallos
Jackson | Lewis LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000

Dated: December 30, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2010, a copy of the foregoing Answer was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ronald G. Poliquin, Esquire
1073 S. Governor's Ave.
Dover, Delaware 19904
(302) 674-2210

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)
Brewington@rlf.com