June 6, 2011

JASON SCOTT
435 BALSAM DR
DOVER DE 19901

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE
844 N KING ST
WILMINGTON DE 19801-3570**

**CIVIL ACTION NO. 10-929-JCJ**

**To Whom It May Concern:**

**Dear;**

**Honorable Judge
District Court Clerk**

I am writing this honorable court in regards to my attorney Ronald G. Poliquin request filed for motion to withdraw as my counsel from the above Civil Action NO. **10-929-JCJ**. I was contacted and advised by Emmett F. McGee, Jr (Counsel for Defendant, UPS Supply Chain Solutions) that the motion to withdraw as my counsel was granted by the U.S District Court.

Mr. Poliquin and I meet on May 21, 2011 approximately 12:00 P.M to discuss my case, his motion to withdraw as my counsel due to the lack of communication between the both parties. I respectfully request the court to review the attached correspondence. I contact Mr. Poliquin via email communications which are attached for the court record. Mr. Poliquin motion is false and during the meeting on May 21, 2011; Mr. Poliquin said he will be filing another motion to be cancel/dismiss his motion to withdraw as Counsel. I have attached supporting documents which are emails from Mr. Poliquin wife regarding this matter.

I respectfully request and ask this Honorable Court and Judge to dismiss the motion to withdraw as counsel. I would respectfully request any guidance the court can provide in regards to this matter.

Please contact me letting me know which additional actions I need to take so I can have some notification filed with all appropriate parties including Delaware Bar Association.

Thanking you in advance for your assistance.

Respectfully,

Plaintiff,

Jason Scott.

**From:** ron@ronpoliquin.com (ron@ronpoliquin.com)
**To:** Jscott@nemours.org; jdscott82@yahoo.com;
**Date:** Sun, May 22, 2011 8:31:55 PM
**Cc:** becky@ronpoliquin.com;
**Subject:** privileged and confidential to Jason Scott

Dear Jason,

Thank you for meeting with me on Friday so we could both gain a better understanding as to the circumstances which led to my motion to withdraw as your attorney for the case and your reasons why I couldn't get a hold of you during that week. As stated during a meeting, I will contact the court reporters and videographers to get an invoice as to the total costs accumulated for your case as of this date and provide them to you.

**As a condition to me dismissing my motion to withdraw from your case and representing you in the future, I'm requiring**
**you provide the following:**

1. Payment for litigation costs up to this date and assurance/promise from you that you will promptly pay any and all bills as they come during your litigation.

2. A statement from you via e-mail or otherwise assuring me you accept my explanation for the circumstances of me filing the motion to withdraw and your confidence in my ability to represent you. As I said terminating, we have had several conversations which you expressed to me grave concerns about my competence, credibility, and trustworthiness and representing you. I hope you understand that it would be to the detriment of you if I continue to represent you and you did not believe that I was representing you in a proper manner.

3. A statement from your medical doctor which will generally explain why you were not able to speak with me during the week before last.

4. Your understanding that I will be unavailable for health reasons for the next several weeks and would have to request a stay of the case until I come back. Prior to that time, you may contact my office regarding the status of your case as your case will be assigned to a caretaker attorney to ensure that all your rights are protected you are not prejudiced by my leave of absence. If my office staff is unable to properly respond to any of your questions or concerns during that time., you will have access to speak to and attorney who will be able to act on your behalf.

**Please know that these are time sensitive matters since I will be leaving on Wednesday and any delay on your part would cause me not to file my dismissal of my motion to withdraw to the court.**

Regardless, I will clarify to the court that you did e-mail me on Wednesday of that week stating that you were going through an emotional breakdown and that you did leave a voice message with me in the early evening that Friday (after I had filed a motion to withdraw).

It is my hope that we can get this worked out, I look forward to either continue representing you or an alternative insurance that you are able to obtain new representation to continue on with your case.

Ronald G. Poliquin, Esquire
Law Firm of Ronald G. Poliquin
48 The Green, 2nd Floor

Dover, DE 19901
Phone: 1-800-811-5182
Fax: 1-800-604-4694
Email: ron@ronpoliquin.com
Employment and Civil Rights Attorney

This communication is privileged and confidential. If you are not the intended recipient, please notify the sender by reply E-mail, destroy all copies of this communication.

last contact

**From:** becky@ronpoliquin.com (becky@ronpoliquin.com)
**To:** jdscott82@yahoo.com; ron@ronpoliquin.com;
**Date:** Fri, June 3, 2011 2:25:11 PM
**Cc:**
**Subject:** RE: Contact from UPS Attorney

Dear Mr. Scott,
I (Maria Poliquin) is Ron Poliquin's wife and legal assistant in the office. I can assure you that Ron has not discussed any privileged information with me regarding your case. The only reason I mentioned that I have first-hand knowledge regarding him potentially terminating his representation of you is because I overheard him talking to you and your friend when you called him on his cell when he was at home on a week night a few weeks ago. I don't know the in-depth details of your conversations with him, but what I do know is what he told me over the phone regarding your case as detailed below in my email and the fact that as of 5/31/11, legally, he is no longer representing you. This is even more evident if neither had their criteria fulfilled by the other party to continue the client-attorney relationship. If this is not your understanding, I would suggest contacting Ron when he returns in the beginning of July.

Sincerely,
Maria Poliquin

---

**From:** Jason Scott [mailto:jdscott82@yahoo.com]
**Sent:** Friday, June 03, 2011 9:46 AM
**To:** ron@ronpoliquin.com
**Cc:** becky@ronpoliquin.com
**Subject:** Re: Contact from UPS Attorney

3rd contact

Good Morning,

I am sending you this email in response to the below communication. I'm not sure of who you are and your relationship to Ron Poliquin. Ron has never mentioned anyone by the name of Maria Poliquin would be in contact with me regarding any discussion between client and attorney. Furthermore, Ron and I has had several discussions regarding client/attorney privilege's. On May 21, 2011 Ron and I had a schedule meeting at his office. During our meeting we had in depth conversation with the understanding that we both had criteria to be meant. I've requested information from Ron and those items are still outstanding as of today. Per the same discussion he advised me that we will resume our discussion upon his return.

Maria Poliquin thanks again for sending me this email, as I stated I'm not sure who you are or your relationship to Ron (my attorney).

Have a good day,

Sincerely,

Jason

---

**From:** "ron@ronpoliquin.com" <ron@ronpoliquin.com>
**To:** Jason Scott <jdscott82@yahoo.com>
**Cc:** "becky@ronpoliquin.com" <becky@ronpoliquin.com>
**Sent:** Thu, June 2, 2011 9:06:51 PM
**Subject:** RE: Contact from UPS Attorney

2nd contact

Dear Mr. Scott,

(continued and contact)

I am writing this email in Ron's absence and per a brief discussion I had with him recently regarding your email. Ron verified, and I am personally aware that this is true, that he mentioned to you, on more than one occasion, that if you were not happy with how he was handling your case and did not agree to certain terms, it would be in the best interest of both parties for him to withdraw from representing you. To Ron's account of events, he clearly discussed with you prior to filing the Motion to Withdraw, a set of conditions for him to continue to represent you, including a retainer deposit for the continued litigation fees that our firm has paid on your behalf and for foreseeable additional fees that may arise. It is my understanding that you did not agree and/or adhere to these terms and that is why the Motion to Withdraw was filed. As you know, the Motion was granted on 5/31/11 and Ron does not have any intention at this time to reinstate himself as your counsel.

Since Ron is currently no longer representing you and no one at the office can give you legal advice in his absence, I would suggest to wait until Ron returns to the office after July 4th to ask him for his advice, or if you feel you cannot wait that long, get the advice of another attorney.

In my opinion, I think it is unethical for opposing counsel to try to scare and manipulate you into settling the case by dangling waiver of costs and fees in your face the same day withdrawal of counsel was approved and knowing you are now unrepresented. It is obvious he was trying to take advantage of the situation and only has his own interests at heart. I would not make any decision regarding dismissing your case until you had an opportunity to discuss the strength of your case with an attorney.

Sincerely,
Maria Poliquin

This communication is privileged and confidential. If you are not the intended recipient, please notify the sender by reply E-mail, destroy all copies of this communication.

---

**From:** Jason Scott [mailto:jdscott82@yahoo.com]
**Sent:** Tuesday, May 31, 2011 9:32 PM
**To:** ron@ronpoliquin.com
**Cc:** becky@ronpoliquin.com
**Subject:** Contact from UPS Attorney

1st contact

Good Evening Ron,

I received a telephone call @ 6:53 P.M. from Emmett McGee advising me that he was notified today that you filed motion to with drawl from representing me, also the courts awarded your request. While speaking with him I advised him that I was not aware aware of this also you and I had a meeting discussing other. He also questioned me if I would be willing to drop out of the case and move on due to there will be an outstanding balance which would amount to a couple of thousand of dollars which he would see that the fees would not be assessed to me (ex. deposition cost and other fees).

Please follow up with me at your earliest convenience as we can discuss this matter,

Thanks in advance,

Jason

Scott
435 balsam dr
dover, DE 19901



United States District Court for District of DE
844 N King St
Wilmington, DE 19801-3570

19801$3519