**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JASON SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No. 10-929-JCJ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UPS SUPPLY CHAIN SOLUTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO EXTEND**
**DISCOVERY AND TO DEFER CERTAIN OTHER DEADLINES**

The Defendant, UPS Supply Chain Solutions, by and through undersigned counsel, moves for an extension of the discovery deadlines, and to defer certain other deadlines, and states as follows:

1. This matter involves a civil action brought by Plaintiff alleging that the termination of his temporary assignment with Defendant was motivated by discrimination based on his sexual orientation. (D.I. 1). At the time the Complaint was filed, Plaintiff was represented by attorney Ronald G. Poliquin.

2. Defendant filed an Answer on December 30, 2010. (D.I. 5). Defendant denies all allegations of discrimination, and believes this matter will ultimately be resolved on a motion for summary judgment, as Plaintiff was an employee of Kelly Services and was never an employee of Defendant, and Plaintiff's assignment was ended for reasons completely unrelated to his sexual orientation.

3. The Court entered a scheduling order on February 28, 2011, which provided that discovery be completed by May 16, 2011, and motions for summary judgment be filed by September 20, 2011. (D.I. 9).

4. Plaintiff and Defendant then issued written discovery, Defendant issued subpoenas, several depositions were taken, and others were scheduled. (D.I. 10-29).

5. On May 12, 2011, the parties held a telephone status conference in order to request that the Court extend discovery to permit the scheduling of depositions already noticed, and delay all expert discovery pending the Court's resolution of any motion for summary judgment. (D.I. 30). The Court instructed the parties to submit a proposed order consistent with these stipulations. (D.I. 32, ¶ 2).

6. However, before the parties could provide a proposed order, on May 13, 2011, Plaintiff's then-counsel filed a motion to withdraw from the case, and asked that the Court stay the case for a time deemed adequate for Plaintiff to retain new counsel. (D.I. 31, 32).

7. Defendant responded to Plaintiff's counsel's motion on May 20, 2011, raising no objection to counsel's withdrawal, but requesting that the Court enter an order consistent with the May 12 status conference: extending the time to take depositions already noticed or served, and delaying expert discovery until after resolution of any motions for summary judgment. (D.I. 32).

8. On May 31, 2011, the Court entered an order granting Plaintiff's counsel's motion to withdraw. (D.I. 33). The order did not address pending deadlines.

9. On June 7, 2011, now *pro se* Plaintiff sent a letter to the Court regarding the motion to withdraw. (D.I. 34).

10. In July 2011, a telephone conference call was held with the Court, after which the Court entered an order granting Plaintiff until August 25, 2011 to secure new counsel. (D.I. 36, 37). The Order did not stay the case, or any pending deadlines.

11. On August 15, 2011, counsel for Defendant filed correspondence with the Court seeking clarification of whether the pending deadlines were stayed, including the September 2011 summary judgment deadline. (D.I. 39).

12. On August 17, 2011, the Court entered a Revised Scheduling Order, which provides that: all discovery be served, noticed and completed by October 10, 2011; trial exhibits be marked and exchanged by October 24, 2011; experts be identified by October 10, 2011; expert reports be provided by Plaintiff and Defendant on October 28, and November 4, 2011; all *Daubert* motions and motions for summary judgment be filed on or before November 21, 2011; Joint Pretrial Memoranda and Motions in *limine* be filed by December 5, 2011; and that the case be placed in the Court's trial pool on January 3, 2012. (D.I. 40).

13. The August 25, 2011 deadline set forth in the Court's July Order (D.I. 37) for Plaintiff to secure counsel came and went, and no new counsel entered an appearance on behalf of Plaintiff.

14. However, on August 25, a Philadelphia attorney, Robert T. Vance, Jr., contacted Defendant's counsel by email and indicated that he would be representing Plaintiff, and would be seeking local counsel and *pro hac vice* admission.

15. Since that time, Defendant's counsel has tried to communicate with Mr. Vance by telephone and email message numerous times (August 29 and September 6, 9, 15, 19 and 27), regarding the outstanding discovery, proposed changes to the scheduling order, and whether he intends to represent Plaintiff in this action. Mr. Vance has not confirmed that he will be representing Plaintiff, and has not yet entered his appearance.

16. The remaining discovery that needs to take place has not yet been scheduled, as Defendant has been attempting to consult with Mr. Vance regarding such scheduling. Given Mr.

Vance's lack of response, and failure to enter his appearance, it now appears unclear whether Plaintiff will be represented by Mr. Vance in this matter.

17. Moreover, based on the breath of discovery that has already taken place and the parties' intentions as expressed in previous Court filings, any further fact discovery should be limited to discovery that has already been issued or noticed. *See* D.I. 30, 31, 32, 39.

18. The fact discovery that remains to be scheduled involves, in part, depositions of third-party witnesses who have not been cooperative in the past.

19. For all of these reasons, including the uncertainty about whether Plaintiff will be represented by counsel, compliance with the current October 10, 2011 deadline for the completion of fact discovery as set forth in the Court's August 17 Revised Scheduling Order will be nearly impossible.

20. Given the need for additional time to complete discovery, an extension of the deadlines for filing motions for summary judgment is also necessary.

21. Based on the intentions as expressed in previous Court filings, as well as reasons of judicial economy, Defendant also requests that the deadlines for the exchange of trial exhibits, expert discovery, motions *in limine*, *Daubert* motions, and placement of the case in the trial pool be deferred, until after resolution of motions for summary judgment.

22. For the foregoing reasons, the Defendant requests that the Court:

(1) Limit additional discovery to that already issued or noticed;

(2) Extend the discovery deadline through November 30, 2011;

(3) Extend the deadline for filing motions for summary judgment to December 30, 2011;

(4) Defer all other deadlines, including those for expert discovery, pretrial motions, trial exhibits, *Daubert* motions, and motions *in limine*, as well as

placement in the trial pool, until after resolution of the motions for summary judgment.

23. Defendant attempted to contact Mr. Vance several times about the scheduling order, scheduling of remaining depositions, and extension of deadlines in this matter, but he has failed to respond, and has not entered his appearance in this matter. Under Local Rule 7.1.1, Defendant is not required to confer with *pro se* Plaintiff.

WHEREFORE, the Defendant requests extension of the discovery and motion for summary judgment deadlines, that all other deadlines be deferred and that the Court enter the attached proposed order.


*/s/ Lori A. Brewington*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant*
*UPS Supply Chain Solutions, Inc.*

OF COUNSEL:

Emmett F. McGee, Jr.
Ariana Wright Arnold
Jackson | Lewis LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000


Dated: September 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2011, a copy of the foregoing Defendant's Motion to Extend Discovery and to Defer Certain Other Deadlines was filed electronically with the Clerk of the Court using the CM/ECF system, and also served as follows:

**VIA UPS OVERNIGHT MAIL**

Jason Scott
435 Balsam Drive
Dover, Delaware 19901
*Pro Se Plaintiff*

Robert T. Vance, Jr.
100 South Broad Street, Suite 1530
Philadelphia, PA 19110

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)
Brewington@rlf.com