**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JASON SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 10-929-JCJ** |
| | ) | |
| **UPS SUPPLY CHAIN SOLUTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO**
**<u>MOTION TO PROCEED WITHOUT LOCAL COUNSEL</u>**

The Defendant, UPS Supply Chain Solutions, by and through undersigned counsel, hereby opposes the motion filed by Pennsylvania attorney Robert T. Vance asking to waive the local counsel requirement of Local Rule 83.5. For the reasons that follow, Mr. Vance's motion should be denied.

1. The Court entered an initial scheduling order in this matter on February 28, 2011. (D.I. 9). Discovery then proceeded. (D.I. 10-29).

2. On May 12, 2011, the parties held a telephone status conference in order to request that the Court extend discovery. (D.I. 32, ¶ 2).

3. On May 13, 2011, Plaintiff's then-counsel filed a motion to withdraw from the case, and asked that the Court stay the case for a time deemed adequate for Plaintiff to retain new counsel. (D.I. 31, 32). On May 31, 2011, the Court entered an order granting Plaintiff's counsel's motion to withdraw. (D.I. 33).

4. The Court later entered an order granting Plaintiff until <u>August 25, 2011</u> to secure new counsel. (D.I. 36, 37).

5. The August 25, 2011 deadline set forth in the Court's Order (D.I. 37) for Plaintiff to secure counsel came and went, and no new counsel entered an appearance.

6. Mr. Vance claims he was retained by Mr. Scott in this matter on August 25, 2011, and that since that time he has attempted to associate with a Delaware attorney in order to officially appear on Plaintiff's behalf in this matter, but has been unable to do so. He therefore asks that he be permitted to represent Mr. Scott without meeting the local counsel requirements of Local Rule 83.5.

7. His motion (D.I. 46) also suggests that permitting his appearance without meeting the local counsel requirement in this matter will permit the Court to maintain the existing scheduling order.

8. First of all, the most recent motion to extend discovery filed by Defendant made clear that whether or not Plaintiff was represented, an extension and order clarifying the scope of remaining discovery was appropriate. The order was not sought solely because of, and was not dependent on, Mr. Vance's appearance in this matter.

9. Mr. Vance also suggests that the Plaintiff is "unable to complete discovery" without the assistance of counsel. However, a plaintiff in a civil matter does not have an absolute right to counsel, and many similar matters proceed with plaintiffs acting *pro se* in this Court every day.

10. Further, Mr. Vance should not be permitted to circumvent the local counsel requirement set forth in Local Rules. Rule 83.5 provides that:

> (c) ***Admission Pro Hac Vice***. Attorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware, may be admitted *pro hac vice* to the Bar of this Court in the discretion of the Court, such admission to be at the pleasure of the Court.

> (d) ***Association with Delaware counsel required.*** Unless otherwise ordered, an attorney not admitted to practice by the Supreme Court of the State of Delaware ***may not be admitted pro hac vice in this Court unless associated with an attorney who is a member of the Bar of this Court and who maintains an office in the District of Delaware for the regular transaction of business*** ("Delaware counsel"). Consistent with CM/ECF Procedures, Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Unless otherwise ordered, Delaware counsel shall attend proceedings before the Court (emphasis added).
>
> (e) ***Time to Obtain Delaware Counsel.*** A party not appearing *pro se* shall obtain representation by a member of the Bar of this Court or have its counsel associate with a member of the Bar of this Court in accordance with D. Del. LR 83.5(d) ***within 30 days*** after: (1) The filing of the first paper filed on its behalf; or (2) The filing of a case transferred or removed to this Court. Failure to timely obtain such representation shall subject the defaulting party to appropriate sanctions under D. Del. LR 1.3(a) (emphasis added).

11. Mr. Vance states that he was retained on August 25, 2011. More than 60 days have gone by since Mr. Vance was retained in this matter. Local Rule 83.5 specifically suggests that counsel should be permitted no more than *30 days* to obtain local counsel.

12. Moreover, Mr. Vance has articulated no explanation for his inability to obtain local counsel, and has presented no evidence of his inability to obtain Delaware counsel. *See Bakarfit Life Liberty Trust v. New Century Financial Corp.*, 2009 WL 483852, at *2 (D. Del. Feb. 23, 2009) (denying motion to waive local counsel requirement, finding no evidence that local counsel could not be obtained, and finding local counsel necessary to the orderly administration of the case).[1]

---

[1] The Court noted that the requirement for a Delaware attorney to enter an appearance serves ***three important purposes***: (1) members of the local bar are familiar with the rules and customs of the Court and are expected to educate *pro hac* attorneys on, and enforce, those rules and customs; (2) members of the local bar of the Court are more readily available than *pro hac* attorneys for conferences or other matters which arise in the course of litigation, and; (3) the Court looks to members of the local bar to serve as a liaison between it and *pro hac* attorneys and to ensure effective communications between the Court and *pro hac* attorneys. *Bakarfit*, 2009 WL 483852, at *2, citing *Caliendo v. Trump Taj Mahal Assoc.*, Civ. No. 03-5145 (JBS), 2007 WL 1361258 (D.N.J. May 1, 2007) (citing *Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 162 (D.N.J. 1994); *Butler v. Biocore Medical Tech.*, 348 F.3d 1163, 1173 (10th Cir. 2003)).

13. Finally, *Defendant was required* at the outset of this case to expend the time and funds to obtain local counsel and file motions for admission *pro hac vice* for its Maryland counsel. It would thus be unjust for Plaintiff's counsel to be able to avoid this requirement simply by submitting an unsupported request.

14. For all of these reasons, Defendant asks that the Court deny Mr. Vance's motion to waive the requirement of local counsel.

WHEREFORE, the Defendant requests that the Court deny the motion by Mr. Vance requesting wavier of the local counsel requirement for *pro hac vice* admission.

*<u>/s/ Lori A. Brewington</u>*
Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Lori A. Brewington (#4522)
Brewington@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant*
*UPS Supply Chain Solutions, Inc.*

OF COUNSEL:

Emmett F. McGee, Jr.
Ariana Wright Arnold
Jackson | Lewis LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000

Dated: November 16, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of November, 2011, a copy of the foregoing Defendant's Opposition to Motion to Proceed Without Local Counsel was filed electronically with the Clerk of the Court using the CM/ECF system, and also served as follows:

**VIA UPS OVERNIGHT MAIL**

Jason Scott
435 Balsam Drive
Dover, Delaware 19901
*Pro Se Plaintiff*

Robert T. Vance, Jr.
100 South Broad Street, Suite 1530
Philadelphia, PA 19110

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)
Brewington@rlf.com