**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JASON SCOTT,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **CA No. 10-929-RGA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UPS SUPPLY CHAIN SOLUTIONS,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

The Defendant, UPS Supply Chain Solutions, by and through undersigned counsel, hereby opposes the motion filed by Plaintiff's counsel Robert T. Vance and Andrew Lukashunas asking for an unrestricted additional extension of discovery. For the reasons that follow, Plaintiff's motion should be denied.

1. The Court entered an initial scheduling order in this matter on February 28, 2011. (D.I. No. 9). That order provided that all fact and document discovery was to be served, noticed and completed by May 16, 2011.

2. Defendant issued written discovery requests on March 3, 2011 (D.I. 10), and Plaintiff provided initial responses on April 12, 2011 (D.I. 13).

3. Plaintiff's counsel did not issue written discovery requests until April 27, 2011 (D.I. 28), less than 30 days before the deadline for completion of such discovery.

4. The following depositions were noted (D.I. 17-25) as described below:

- Deposition of Christopher Hampton, LCSW was noticed by Defendant on May 5, 2011 and scheduled for May 9, 2011, *but was postponed* because the parties agreed to defer all medical/expert discovery until after resolution of motions for summary judgment.

- Deposition of Sherri O'Connell was noticed by Plaintiff on April 27, 2011 and scheduled for May 16, 2011. Defendant also agreed to produce Heidi Maslin on the same date. Both were *postponed* because Plaintiff's counsel filed a motion to withdraw before the scheduled deposition date.
- Deposition of Representative from Mind Body Consortium was noticed by Defendant on April 27, 2011, and scheduled for May 11, 2011, *but was postponed* because the parties agreed to defer all medical/expert discovery until after resolution of motions for summary judgment.
- Deposition of Henry Isiocha, MD was noticed by Defendant on April 25, 2011, and scheduled for May 11, 2011, *but was postponed* because the parties agreed to defer all medical/expert discovery until after resolution of motions for summary judgment.
- Deposition of Vonda Bynum was noticed by Defendant on April 19, 2011, and taken on May 9, 2011.
- Deposition of Myron Giddens was noticed by Defendant on April 19, 2011, and taken on May 9, 2011.
- Deposition of Toni Shepperson was noticed by Defendant on April 20, 2011, and scheduled for May 9, 2011 – *but she failed to appear*.
- Deposition of Plaintiff Jason Scott was noticed by Defendant on April 18, 2011, and taken on May 5, 2011.

5. On May 10, 2011, the parties requested a telephone conference with the Court in order to discuss a joint request to (1) extend the current discovery deadline by three weeks; and (2) hold all expert discovery in abeyance pending the Court's disposition of any motion for summary judgment. (Exhibit 1, May 10, 2011 letter to J. Joyner). The letter also noted that while the parties had engaged in cooperative discovery efforts to date, a brief extension was needed in order to complete certain depositions, but that "[n]o additional depositions would be noticed, and no further discovery requests would be served."

6. The Court scheduled a telephone conference call with counsel for May 12, 2011. (D.I. 30). During the conference, the parties agreed on an extension of discovery for the limited purposes set forth in the May 10 letter, and the Court asked that the parties present a proposed draft order consistent with the conference.

7. Before the proposed order had been drafted or submitted to the Court, Plaintiff's then-counsel Mr. Poliquin filed a motion to withdraw (D.I. 31). Poliquin notified Defendant's counsel of his intention by phone. Defendant sent Mr. Poliquin an email message documenting the conversation: that the depositions of Sherri O'Connell and Heidi Maslin (UPS/SCS) that had been scheduled for Monday May 16 would be postponed; and that the deadline for Defendant to respond to Plaintiff's written discovery requests would be extended to a reasonable time after the Court rules on the motion to withdraw. (Exh. 2, Mallos May 13, 2011 email to Poliquin).

8. Defendant responded to the motion to withdraw (D.I. 32), noting no opposition to Poliquin's withdrawal. However, Defendant reiterated that during the conference with the Court, it had been agreed that no further discovery would be noticed. Defendant therefore asked that if discovery were to be extended or stayed to permit Plaintiff to secure new counsel, only the discovery already noticed before the May 12, 2011 conference should be permitted.

9. On May 31, 2011, the Court entered an order granting Plaintiff's counsel's motion to withdraw. (D.I. 33).

10. The Court later entered an order granting Plaintiff until August 25, 2011 to secure new counsel. (D.I. 36, 37).

11. On August 15, 2011, counsel for Defendant wrote to the Court to ask the Court for clarification. Specifically, Defendant asked if the deadlines on the Court's original scheduling order, including the upcoming September 20, 2011 summary judgment deadline, were stayed, pending Plaintiff's deadline for securing new counsel. (D.I. 39).

12. On August 17, 2011, the Court entered a new scheduling order which provided that all discovery had to be noticed and completed by October 10, 2011, and that summary judgment motions would be due by November 21, 2011. (D.I. 40).

13. The August 25, 2011 deadline set forth in the Court's Order (D.I. 37) came and went, and no new counsel entered an appearance on Plaintiff's behalf before the deadline.

14. On August 25, 2011, Mr. Robert T. Vance, an attorney in Philadelphia, wrote to the Court and expressed his intention to represent the Plaintiff and enter his appearance after he secured local counsel. (Exhibit 3, Vance August 25 letter to Joyner).

15. Between August 25, and September 27, 2011, Defendant's counsel attempted to communicate with Mr. Vance several times regarding his appearance in this matter, and the scheduling of the remaining discovery. *See* Exhibit 4, Email messages of August 29, September 6, September 9, September 15, September 19, and September 27.

16. Mr. Vance responded on September 15, and noted that it was his understanding that "2-3 depositions remain to be taken." (Exh. 4, p. 4). Mr. McGee responded that same date and noted that Defendant sought only one additional fact deposition, and would be willing to defer the depositions of Plaintiff's treating physicians until after the resolution of motions for summary judgment. *Id.*

17. Despite the fact that Mr. Vance had not yet entered an appearance, on September 26, Defendant produced written discovery responses to Mr. Vance and *pro se* Plaintiff Mr. Scott. (D.I. 43).

18. On September 29, 2011, Defendant filed a motion to extend the October 10 discovery deadline. (D.I. 44). In the motion, Defendant laid out the procedural history of the case. Defendant requested that the Court extend fact discovery through November 30, 2011, limit discovery to that already noticed on May 12, 2011, extend the summary judgment deadline through December 30, 2011, and defer all other deadlines regarding expert discovery, motions in limine, trial exhibits, etc., until after resolution of motions for summary judgment. (D.I. 44).

19. Mr. Vance still had not entered an appearance in the matter, but was provided a courtesy copy of the Defendant's motion. In response, Mr. Vance sent an email to Defendant's counsel indicating that he had received the motion to extend discovery "and [did] not oppose the relief you have requested." (Exhibit 5, September 30, 2011 email from Vance to Brewington).

20. The deadline for filing a written response or opposition to the Defendant's motion was October 17, 2011. On that date, Defendant again tried to communicate with Mr. Vance. (Exh. 6, Email from Arnold to Vance).

21. On October 19, 2011, in light of the failure of either Mr. Vance or Mr. Scott to file any opposition, the Court granted Defendant motion and extended fact discovery through November 30, 2011, and expert discovery through December 28, 2011, and extended the deadline for filing motions for summary judgment through January 5, 2012. All further deadlines were deferred, and extended for period of 14 days after the Court issues a ruling on the motion/s for summary judgment. (D.I. 45). In the event neither party files a motion for summary judgment, the Court specified that all pretrial motions and filings would be due on January 26, 2012, and that the case would be placed in the Court's trial pool on February 9, 2012. (D.I. 45).

22. More than two weeks went by without a single court filing by Mr. Vance or Mr. Scott. Then on November 1, 2011, Mr. Vance filed a motion to be admitted *pro hac vice* without local counsel. (D.I. 46). Defendant opposed the motion. (D.I. 47).

23. Before the Court could rule on Vance's motion, Mr. Lukashunas entered an appearance in this matter as local counsel and moved for Mr. Vance's *pro hac vice* admission. (D.I. 48, 49).

24. Defendant's counsel was contacted by Mr. Lukashunas before he entered his appearance to ask about the status of discovery, and Defendant's willingness to further extend

discovery. Counsel for Defendant made clear that at this late date, Defendant would agree to extend discovery for up to 60 days, given the season. But that such discovery should be limited to that already noticed as of May 12, 2011, as specified in the unopposed September 29 motion.

25. *More than 70 days after the Court-imposed deadline for Plaintiff to secure new counsel*, and on the November 30, 2011, discovery deadline set by the Court, Plaintiff's counsel filed a motion seeking an unrestricted extension of discovery. (D.I. 50). The accompanying proposed order also set deadlines for trial exhibits and expert discovery (January 13, and 27), but failed to address the current January 5, 2012 motion for summary judgment deadline, or propose a new motions deadline. (D.I. 50-1).[1]

26. Mr. Vance first notified the Court of his intent to represent Mr. Scott more than 90 days ago, and has had ample time to review docket and filings in this matter. Such a review would surely have revealed the initial May 16, 2011 discovery deadline, the fact that written discovery was issued and depositions noticed before that date, and the previous agreement to limit discovery to that already issued or noticed by the initial discovery deadline.

27. In addition, in communications with Defendant's counsel Mr. Vance *sought agreement* that only two to three additional depositions remained to be taken. (Exh. 4, September 15, 2011 email from Vance to McGee). Vance also sent a message specifically acknowledging that he was in agreement with the relief requested in Defendant's September 29, 2011 motion for extension of discovery for limited purposes, and to defer other deadlines. (Exh. 5, September 30, 2011 email from Vance to Brewington).

---

[1] Since it was submitted on the date by which discovery was to be completed, Plaintiff's motion could be viewed as one to *reopen discovery*, rather than one to extend discovery. Local Rule 16.4 requires that requests for extension of deadlines should be made by motion or stipulation *prior to* expiration of the deadline.

28. Based on the procedural history of this case, the expiration of the deadline for the Plaintiff to secure new counsel, Plaintiff's failure to respond to the Defendant's September 29 motion and the Court's October 19th Order, unfettered additional discovery should not be permitted in this matter. *See Morrison v. Carpenter Tech. Corp.*, 193 Fed. Appx. 148, 152 (3d Cir. 2006) (District Court did not abuse its discretion in declining to grant plaintiff's motions seeking to take 5 belated depositions after expiration of discovery as plaintiff allowed the discovery period to lapse without making any attempt to take any of the depositions and failed to seek an extension of the discovery period in order to retain counsel).[2]

29. Defendant has already spent considerable time on this case, and the Court has extended discovery in this matter several times already; the most recent extension having been granted in light of an unopposed motion by Defendant *after* Mr. Vance's professed involvement in this case.

30. Defendant has waited since May 2011 to complete the limited additional necessary discovery in this matter, and proceed to the ultimate legal issues. It should not be required at this late date to engage in full-fledged unlimited additional discovery for another several months.

31. Defendant remains willing to consent to an extension in order to complete written discovery and witness discovery noticed as of May 12, 2011. Given the season, Defendant believes an extension of up to 60 days would be reasonable. A summary judgment deadline 30-45 days after the close of discovery would also be reasonable. However, no additional written discovery should issue and expert discovery and all pretrial submissions should be deferred until after the Court rules on any motions for summary judgment.

[2] Should the Court determine that an extension of time to complete discovery is appropriate, it should be limited to that set forth in Defendant's *unopposed* September 29 motion.

WHEREFORE, the Defendant requests that the Court deny the Plaintiff's motion to extend discovery, and instead enter an order consistent with this response.

December 6, 2011

Respectfully submitted,

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7689
Brewington@rlf.com

Emmett F. McGee, Jr., Esq. (admitted *pro hac vice*)
Ariana Wright Arnold, Esq. (admitted *pro hac vice*)
JACKSON LEWIS LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
(410) 415-2000
(410) 415-2001

*Counsel for Defendant,*
*UPS Supply Chain Solutions, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2011, a copy of the foregoing Opposition was efiled and thereby served on Plaintiff's counsel:

Andrew Lukashunas
The Lyons Law Firm
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE 19899
(302) 777-5698
Fx(302) 777-5051
Email: alukashunas@lyonslaw.com

Robert T. Vance, Jr.
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
(215) 557-9550
Fx(215) 557-9552
Email:Rvance@vancelf.com

*/s/ Lori A. Brewington*
Lori A. Brewington (#4522)