**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **Jason Scott** | ) | FILED<br>MAY 12 2025<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-929** |
| | ) | |
| **UPS/Supply Chain Solutions** | ) | |
| **Defendant.** | ) | |

**<u>MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)</u>**

Plaintiff, Jason Scott, respectfully moves this Court for relief from the Final Judgment entered on June 5, 2012 pursuant to Federal Rule of Civil Procedure 60(b)(2), 60(b)(3), and 60(b)(6), and in support thereof states as follows:

1. The Court granted summary judgment against Plaintiff on June 5, 2012, finding no genuine issue of material fact existed as to whether Plaintiff was an employee.

2. Unbeknownst to the Court at the time of the ruling, a stipulated confidentiality order had been entered without Plaintiff's consent and without authorization from Plaintiff's counsel.

3. At the time, Plaintiff's counsel was impaired and unable to provide competent representation, having entered the Delaware Lawyers Assistance Program (DELAP) in March 2011 and subsequently admitted to residential rehabilitation at Caron Treatment Center in May 2011. As a result, counsel failed to adequately represent Plaintiff during critical phases of discovery and dispositive motion practice.

4. The stipulated order sealed critical discovery material, including a text message from a defense witness, which directly supports Plaintiff's position and establishes a genuine issue of material fact regarding the employment relationship.

5. Plaintiff recently obtained this evidence and relevant deposition transcripts after recovering memory during PTSD treatment, and was previously unaware of its content or implications.

6. Under Rule 60(b)(2), relief is warranted because the text message and corroborating deposition testimony constitute newly discovered evidence that could not have been presented with reasonable diligence.

7. Under Rule 60(b)(3), the judgment was procured through misrepresentation or misconduct, as opposing counsel submitted a stipulated order affecting discovery and evidence access without valid stipulation from Plaintiff's counsel.

8. Under Rule 60(b)(6), extraordinary circumstances — including the sealing of dispositive evidence, ineffective representation, and Plaintiff's delayed psychological access to the facts due to PTSD — justify relief to prevent manifest injustice.

**WHEREFORE,** Plaintiff respectfully requests that the Court vacate the Final Judgment and allow for reconsideration of the summary judgment motion with the benefit of the newly discovered and previously suppressed evidence.

Respectfully submitted,

Jason Scott

435 Balsam Drive

Dover, DE 19901