**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

FILED
MAY 12 2025
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **Jason Scott** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-929** |
| | ) | |
| **UPS/Supply Chain Solutions** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(d)(3) DUE TO FRAUD ON THE COURT**

Plaintiff, Jason Scott, respectfully moves this Court for relief from the judgment entered on June 5, 2012, pursuant to Federal Rule of Civil Procedure 60(d)(3), due to fraud on the court, and states:

1. Rule 60(d)(3) permits the court to set aside a judgment for fraud on the court, an extraordinary remedy reserved for the most egregious conduct that corrupts the judicial process itself.

2. On or about May 2011 defense counsel submitted a proposed Stipulated Confidentiality Order purportedly agreed upon by both parties.

3. Plaintiff was represented by counsel at the time, but neither Plaintiff nor Plaintiff's counsel authorized or consented to the filing of this stipulation.

4. Defense counsel knowingly misrepresented to the Court that the stipulation was agreed upon, thereby inducing the Court to enter the Order under false pretenses.

5. As a direct result, key discovery material — including a text message from a defense witness acknowledging communications central to Plaintiff's employment status — was sealed and not considered during summary judgment.

6. At the time, Plaintiff's counsel was impaired and unable to provide competent representation, having entered the Delaware Lawyers Assistance Program (DELAP) in March 2011 and subsequently admitted to residential rehabilitation at Caron Treatment

Center in May 2011. As a result, counsel failed to adequately represent Plaintiff during critical phases of discovery and dispositive motion practice.

7. The Court's judgment — finding no genuine issue of material fact — was based on an incomplete record, corrupted by concealment of favorable, material evidence.

8. The totality of this conduct constitutes a fraud on the court, as it prevented the judicial machinery from performing impartially and independently.

9. Plaintiff respectfully requests that this Court vacate the judgment and grant appropriate relief, including consideration of the previously concealed evidence and sanctions as the Court deems just.

Respectfully submitted,

Jason Scott

435 Balsam Drive

Dover, DE 19901