**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JASON SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS,<br><br>Defendant. | C.A. No. 10-929-RGA |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS FOR**
**RELIEF FROM JUDGMENT UNDER RULE 60(b) AND 60(d)(3)**

Defendant UPS Supply Chain Solutions ("Defendant"), by and through undersigned counsel, and out of abundance of caution, respectfully submits this Opposition to Plaintiff Jason Scott's ("Plaintiff") two Motions for Relief from Judgment Under Rule 60(b) and 60(d)(3) ("Motions"). In his Motions, Plaintiff requests that the Court set aside judgment issued in favor of Defendant on June 5, *2012*, as affirmed on appeal by the Third Circuit, which issued *two* mandates confirming as much, because he contends that he uncovered new evidence that was somehow concealed from him due to a confidentiality order. Plaintiff's request is far too late, but it also completely baseless, as the parties never entered into any confidentiality order during litigation occurring *over a decade ago*, nor were any materials filed or kept under seal, and Plaintiff otherwise provides no support or details for any of his baseless contentions.

**PERTINENT BACKGROUND**

Plaintiff was a former temporary employee who worked in the collections team at the Defendant's facility in Delaware. Plaintiff was hired by Kelly Services and worked for the company for several months before being terminated for an integrity violation relating to his time worked. On October 29, 2010, Plaintiff initiated his case alleging that Defendant discriminated

against him on account of his sexual orientation in violation of Title VII and corollary Delaware state law. (D.I. 1.) Defendant filed an Answer, and the parties then engaged in discovery through January 30, 2012, following two brief extensions granted by the Court. (*See* D.I. 44, 56-57.) On March 1, 2012, Defendant filed a motion for summary judgment on all claims asserted by Plaintiff, including, in relevant part, on the basis that Defendant never employed Plaintiff. (*See* D.I. 60, at 14-17.) On June 5, 2012, the Court granted summary judgment in favor of Defendant, finding that Defendant never employed Plaintiff and that, instead, he was at all times employed by Kelley Services. (*See* D.I. 68, at 7-9.) During this time, Plaintiff remained represented, either by Ronald G. Poliquin, until around May 13, 2011, and then by Andrew Lukashunas, beginning from November 30, 2011, months before the discovery deadline (twice extended after Mr. Lukashunas entered his appearance) and the dispositive motions deadline. (*See* D.I. 31, 48.)

Notably, despite the peculiar claims in his Motions, between initiation of the case until final judgment: (i) the parties *never* requested that the Court enter a stipulated protective or other confidentiality order, (ii) the Court *never* entered a stipulated protective or other confidentiality order, (iii) the parties *never* requested, nor did the Court issue any order requiring, that any discovery or other litigation materials be kept or filed under seal or other protection, and (iv) the parties *never* filed or kept any materials under seal, including anything relating to Defendant's motion for summary judgment. (*See generally* D.I. 1 to 70.)

On July 3, 2012, Plaintiff appealed the Court's order entering summary judgment to the Third Circuit. (*See* D.I. 71.) On May 28, 2013, the Third Circuit issued its mandated affirming entry of summary judgment by this Court, and then on January 7, 2014, re-issued its mandate that again affirmed entry of judgment by this Court. (D.I. 81, 83.) On December 2, 2015, nearly two years after the Third Circuit's re-issued mandate, Plaintiff filed a letter with the Court requesting

that his "case be reopened," claiming to have "newly discovered evidence." (D.I. 84.) On January 4, 2016, the Court issued an Order denying Plaintiff's request, explaining the finality of the matter after two mandates by the Third Circuit, noting that Plaintiff never explained or provide his "newly discover evidence," and found the request to be without basis and, in any event, untimely. (*See* D.I. 85.)

Now, on May 12, 2025, Plaintiff filed two motions requesting that the Court set aside judgment *from over a decade ago* because he claims to have uncovered "new evidence" and a "fraud on the court," contending that "key discovery material—including a text message from a defense witness acknowledging communications central to Plaintiff's employer status—was sealed and not considered during summary judgment" based on, presumably, the terms of some "proposed Stipulated Confidentiality Order" supposedly entered by the Court. (*See* D.I. 88, 89.) Plaintiff does not attach or describe this supposed "central" text message or other "key discovery material," and, of course, there was never a protective or other confidentiality order submitted to or entered by the Court in this case. Plaintiff also filed a "Notice of Intent to File Motion Under Rule 60(d)(3)," which appears to be the same kind of relief already requested, but Plaintiff has not yet filed any different requests. Plaintiff's Motions should be denied, and this case should remain closed and dormant.

## **STANDARD OF REVIEW**

Under Rule 60(b), a court may grant relief from a judgment or order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . or misconduct by the opposing party; (4) [voidness]; (5); [satisfaction]; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(d)(3) also provides relief for a demonstrated "fraud on the court." Fed. R. Civ. P. 60(d)(3). Rule 60, however, provides "extraordinary" relief and

"may only be invoked upon a showing of exceptional circumstances." *Wyeth Holdings Corp. v. Sandoz, Inc.*, No. 09-955-RGA-CJB, 2012 WL 1669555, at *1 (D. Del. May 10, 2012) (citation omitted). For claims of new evidence, Plaintiff has the "heavy burden" of "demonstrating that this newly discovered evidence (1) is material and not merely cumulative to evidence that was previously before the Court; (2) could not have been discovered before the Order through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the Order." *Groeber v. Friedman & Schuman P.C.*, 602 F. App'x 69, 71 (3d Cir. 2015); *Wyeth Holdings*, 2012 WL 1669555, at *1. "A motion under Rule 60(b)(6) 'must be fully substantiated by adequate proof and its exceptional character must be clearly established.'" *In re Spansion, Inc.*, No. 09-10690 (KJC), 2011 WL 3268084, at *5 (D. Del. July 28, 2011) (quoting *FDIC v. Alker*, 234 F.2d 113, 116-17 (3d Cir. 1956)).

Moreover, a "motion under Rule 60(b)(3) (grounded on fraud, misrepresentation, or misconduct of an adverse party) must be brought with one year of the judgment, and, otherwise, a Rule 60(b) motion must be brought within a reasonable time after the judgment." *Groeber*, 602 F. App'x at 70. Under similar "circumstances [as] this case," requesting relief under Rule 60 "approximately two years after the District Court ruled" is routinely found to be untimely. *See United States v. Meehan*, 600 F. App'x 51, 54 (3d Cir. 2015).

Here, Plaintiff asserts baseless, impossible, and, unsurprisingly, unsupported and conclusory reasons in attempt to justify relief under Rule 60 and, in turn, provides no valid reason to set aside judgment entered and affirmed *over a decade ago*. The Motions should be denied.

## **ARGUMENT**

In his Motions, Plaintiff contends – without *any* evidence or proof for *any* stated assertion – that, in May 2011, counsel for Defendant requested that the Court enter a proposed stipulated

confidentiality order, even though Plaintiff claims that neither he nor his counsel agreed to any such confidentiality agreement. (*See* D.I. 88 ¶ 2; D.I. 89 ¶¶ 2-4.) Plaintiff claims that his counsel was "impaired and unable to provide competent representation" at the time. (*See* D.I. 88 ¶ 3;D.I. 89 ¶ 6.) Plaintiff claims that Defendant committed a fraud on the Court, by inducing the Court to "enter the Order under false pretenses," and that, due to entry of "the Order," "key discovery material," including a specific, but unprovided or detailed, text message from an unidentified "defense witness," was "sealed and not considered during summary judgment." (D.I. 89 ¶¶ 2-5.) Plaintiff further claims that he only "recently obtained this evidence and relevant deposition transcripts after recovering memory during PTSD treatment," although does not specify this "recent" date and, again, provides no support of any kind for his representations. Plaintiff's contentions are simply untrue and, in any event, far too late.

Putting aside his other unsupported contentions, like his "recently" recovered memories and his former's counsel incompetent representation, Plaintiff is seeking to avoid judgment from *over a decade ago* based on his contention that a confidentiality order permitted materials to be filed or remain under seal, which prevented their consideration during summary judgment briefing. As the docket plainly reveals, the parties never requested entry of a protective or confidentiality order, the Court never entered any protective or confidentiality order, and the parties never filed anything under seal. (*See* D.I. 1 to 70.) Plaintiff is seemingly manufacturing reasons to open his case. Moreover, even if materials *were* filed under seal, Plaintiff – *as a party to the case* – would necessarily have had access to any sealed records relevant to Defendant's summary judgment motion. Finally, when Defendant filed its summary judgment motion on March 1, 2012, Plaintiff had been represented by Mr. Lukashunas for months and, of course, Mr. Lukashunas also filed Plaintiff's response opposing Defendant's summary judgment motion on March 21, 2012. (D.I.

64.) None of Plaintiff's contentions are true or make sense, and none of them provide a reason to disturb a case that remained dormant for over a decade.

To that end, as also recognized by Judge Richard G. Andrews in his Order from January 4, *2016*, responding to Plaintiff's earlier request to open this case: Plaintiff's Motions are "also untimely," now even *more so* than they were over *nine years ago*. (D.I. 85.)

Accordingly, Plaintiff's Motions and requests for relief from judgment over a dozen years ago and/or to reopen his case should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Relief From Judgment Under Rule 60(b) and 60(d)(3) should be denied.

/s/ *Jennifer C. Jauffret*

Jennifer C. Jauffret (#3689)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Jauffret@rlf.com

*Attorneys for Defendant UPS Supply Chain Solutions, Inc.*

OF COUNSEL:

Emmett F. McGee, Jr.
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000

Dated: June 3, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2025, the attached Opposition to Plaintiff's Motions for Relief from Judgment Under Rule 60(b) and 60(d)(3) was filed electronically with the Clerk of the Court using the CM/D.I. system and mailed via First Class U.S. Mail, postage prepaid, upon the following:

Jason Scott
435 Balsam Drive
Dover, DE 19901

/s/ *Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)