**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

FILED
JUN 12 2025
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SCS

**Jason Scott,** )
**Plaintiff,** )
**v.** )
) **Civil Action No. 10-929-JLH**
**UPS/Supply Chain Solutions** )
**Defendant.** )

**DECLARATION OF JASON SCOTT, IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(d)(3)**

I, Jason Scott, I declare and state under penalty of perjury:

1. I am the Plaintiff in the above-captioned matter. I submit this declaration in further support of my Rule 60(d)(3) Motion for Relief from Judgment due to fraud on the Court.
2. This declaration supplements and clarifies critical facts concerning misconduct and concealment during discovery, and directly rebuts claims raised in Defendant's Opposition.
3. Among the most troubling evidence of fraud is **Exhibit Slaughter-2**, consisting of a sworn affidavit from a key defense witness dated **April 12, 2011**, and a subsequent deposition taken on **January 30, 2012**.
4. In the affidavit, the witness—Mr. Slaughter—provided testimony that directly supported Defendant's position in the summary judgment phase. However, during his deposition, Mr. Slaughter admitted that the **defense prepared the affidavit**, and that he had not authored the statement himself.
5. This is evidenced on **Page 21, Q.7 through Page 24, A.7**, where Mr. Slaughter stated under oath that he received the affidavit via email from (Paul Mallos) defense counsel and simply signed it as prepared.
6. This sworn testimony contradicts the spirit and intent of Rule 56 declarations. It demonstrates a deliberate orchestration of favorable facts by defense counsel under the guise of independent witness testimony.
7. Further, on **Pages 25, Q.17 to Page 31, A.5**, Mr. Slaughter's deposition responses materially conflicted with the contents of his own affidavit, including statements relevant

8. to my job performance, communications between coworkers, and the work environment at issue in this case.

9. These discrepancies were never disclosed to the Court prior to summary judgment, and the affidavit was knowingly relied upon by defense counsel in bad faith.

10. The fact that defense counsel submitted both this false affidavit and a **stipulated protective order** in May 2011—without my knowledge or consent while I was unrepresented—is part of a broader pattern of misconduct that compromised the integrity of this proceeding.

11. The same defense attorney Emmett McGee who **deposed me on May 5, 2011**, later **called me on May 31, 2011, at 6:53 p.m.**, the same day my counsel's motion to withdraw was granted. During that call, he questioned whether I would be willing to drop the case, citing that otherwise I might face thousands of dollars in deposition and legal costs. This conversation took place while I was without legal representation and under emotional duress.

12. I later discovered that the confidential stipulation was signed **without my knowledge or consent**, and that it had the effect of **sealing critical discovery evidence**, including a key **text message** I had referenced in my **May 5, 2011 deposition**—again, to the same attorney who signed the protective order.

13. At the time, I had no understanding that this document would effectively **withhold favorable evidence** from the Court and conceal material facts essential to proving my claims of discrimination, harassment, and retaliation under Title VII.

14. To be clear, I have always had the physical text message, but I only recently understood its legal significance and the fact that it had been suppressed from review. It was not until reviewing the record during therapy for PTSD that I realized what had occurred.

15. These actions—submission of a false affidavit, suppression of critical evidence, and manipulation of procedural rules—represent a coordinated effort to defraud the Court.

16. I respectfully submit that these acts meet the criteria under **Rule 60(d)(3)** for **fraud on the court**, and warrant vacating the prior judgment and reopening the case in the interest of justice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Executed this 9th day of June, 2025.**

**Jason Scott**

435 Balsam Dr.

Dover, DE 19901

302-423-6338

Jdscott0518@gmail.com