**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JASON SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS,<br><br>Defendant. | C.A. No. 10-929-JLH |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO PRO SE PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT UNDER RULE 60(b) AND 60(d)(3)**

Defendant UPS Supply Chain Solutions ("Defendant"), by and through undersigned counsel, respectfully moves this Court for leave to file the accompanying Sur-Reply in Response to *pro se* Plaintiff's Motion for Relief From Judgment Under Rule 60(b) and 60(d)(3) ("Sur-Reply"). In support thereof, Defendant states the following:

1. On May 12, 2025, Plaintiff filed two motions requesting that the Court set aside judgment issued in this case on June 5, 2012, pursuant to Rule 60(b) and Rule 60(d)(3) ("Motions"), based on claims that Plaintiff uncovered "new evidence" and a "fraud on the court" based on discovery of supposed "key discovery material," "including a text message from a defense witness acknowledging communications central to Plaintiff's employer status," which Plaintiff contends had been sealed in this case in connection with some kind of confidentiality order. (*See* D.I. 88, 89.)

2. On May 29, 2025, Plaintiff also filed a Notice of Intent to File Motion Under Rule 60(d)(3), representing that Plaintiff intended to file another request for relief from judgment for

seemingly the same reasons as before, but now on account of this matter being re-assigned to Your Honor. (*See* D.I. 90.)

3. On June 3, 2025, and out of abundance of caution, Defendant filed its Opposition to Plaintiff's Motions, demonstrating that, in addition to being beyond untimely, Plaintiff's requests for relief are baseless, as (i) no confidentiality order existed in the case, (ii) the parties never filed any materials under seal, and, otherwise, (iii) Plaintiff failed to provide any support to substantiate any of claims, whether as to the reasons he only now supposedly uncovered this new information, or even as to present the "key discovery material" he claims to have recently uncovered. (D.I. 92.)

4. On June 12, 2025, Plaintiff filed a Reply, through which Plaintiff attempts to introduce new representations and materials for the first time, including (i) additional detail to supposedly support that the parties agreed to a stipulated confidentiality order, (ii) a copy of a draft confidentiality order, and (iii) certain discovery materials, including the affidavit and deposition testimony of Kirk Slaughter ("Mr. Slaughter"), then Senior Collections Associate with Defendant. (*See* D.I. 93, 94.)

5. Local Rule 7.1.2 "states that parties require the Court's approval to submit additional papers after briefing is complete." *Empower Brands LLC v. Tristar Prods., Inc.*, No. 23-01225-RGA, 2024 WL 5090532, at *2 (D. Del. Dec. 12, 2024). Although "sur-replies are disfavored," the Court may exercise its discretion to "grant leave to file a sur[-]reply if it responds to new evidence, facts, or arguments." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013)). As such, leave to file a sur-reply is generally warranted and appropriate where the response is streamlined and directed specifically to evidence, facts, or arguments that

the non-moving party could not anticipate or have an opportunity to rebut in its opposition. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016).

6. For that reason, the Court should grant Defendant leave to file the Sur-Reply, as it is short and streamlined, and directly addresses only the new claimed evidence, facts, and arguments raised by Plaintiff in his Reply, or, specifically, Plaintiff's new assertions about the claimed confidentiality order, as well as new details and materials attached by Plaintiff relating to Mr. Slaughter and his testimony. *See id.*

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and permit Defendant to file the Sur-Reply that accompanies this Motion.

OF COUNSEL:

Emmet F. McGee, Jr.
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Jauffret@rlf.com

*Attorneys for Defendant UPS Supply Chain Solutions, Inc.*

Dated: June 13, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, the foregoing *Motion for Leave to File Sur-Reply in Response to Plaintiff's Motions for Relief from Judgment Under Rule 60(b) And 60(d)(3)* was filed electronically with the Clerk of the Court using the CM/D.I. system and emailed and mailed via First Class U.S. Mail, upon the following:

Jason Scott
435 Balsam Drive
Dover, DE 19901

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)