**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JASON SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS,<br><br>Defendant. | C.A. No. 10-929-JLH |

**DEFENDANT'S SUR-REPLY IN RESPONSE TO PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT UNDER RULE 60(b) AND 60(d)(3)**

Defendant UPS Supply Chain Solutions ("Defendant"), by and through undersigned counsel and, once again, out of abundance of caution, respectfully submits this Sur-Reply to *pro se* Plaintiff Jason Scott's ("Plaintiff") Reply in support of his two Motions for Relief from Judgment Under Rule 60(b) and 60(d)(3) ("Motions") to address newly raised contentions, in an effort to ensure that the record remains accurate and undisturbed. In its Opposition, Defendant demonstrated that Plaintiff's requests to set aside the judgment issued and affirmed on appeal over a decade ago should be denied because it is beyond untimely and baseless, as Plaintiff's claims of newly discovered evidence based on claims that discovery materials were kept under seal due to a confidentiality order are simply untrue. The parties never requested that the Court enter a confidentiality or protective order, the Court never entered any such order, the parties never filed any materials under seal, and either way, Plaintiff always had access to discovery materials as a party to the case. Defendant also demonstrated that Plaintiff never presented his "newly discovered evidence" or otherwise explained how it had any material relevance to his stale claims.

In his Reply, Plaintiff introduces new assertions that, according to him, purportedly demonstrate that the parties did enter into a confidentiality agreement and presents certain

discovery materials that he suggests warrant setting aside judgment from years ago. Plaintiff, however, presents a copy of a draft confidentiality order that was never submitted to the Court and records that are irrelevant to his request to set aside judgment. Notably, Plaintiff also continues to withhold the supposed "key" text message, but admits that he has had it all along, and that the "confidentiality order" never prevented him from having access to it. Plaintiff's Motions should be denied.

## ARGUMENT

As demonstrated in the Opposition, Plaintiff's requests to set aside judgment under Rule 60 should be denied at the outset because they are beyond untimely, as a "motion under Rule 60(b)(3) (grounded on fraud, misrepresentation, or misconduct of an adverse party) must be brought with one year of the judgment, and, otherwise, a Rule 60(b) motion must be brought within a reasonable time after the judgment," where two years has been routinely found unreasonable and untimely. *Groeber v. Friedman & Schuman P.C.*, 602 F. App'x 69, 70 (3d Cir. 2015); *United States v. Meehan*, 600 F. App'x 51, 54 (3d Cir. 2015). Here, Plaintiff seeks relief over (i) 9 years after he sought substantially similar relief on December 2, 2015, which was denied on January 4, 2016, (ii) 10 years after the Third Circuit issued its *second* mandate affirming this Court's entry of summary judgment, (iii) 12 years after the Third Circuit issued its first mandate affirming entry of summary judgment, and (iv) 13 years after this Court entered summary judgment in favor of Defendant on the grounds that Defendant was never Plaintiff's "employer" for purposes any liability under Title VII or similar statute. (*See* D.I. 68, at 7-9, 81, 83, 84, 85.) Accordingly, Plaintiff's requests under Rule 60(d)(3) and Rule 60(b) are patently untimely, particularly where Plaintiff has no legitimate reason for raising his claimed "issues" so late after complete and final resolution of his case.

In his Reply, Plaintiff purports to provide additional detail and support for his request, but he once again merely claims that he "only recently discovered the concealed evidence during PTSD treatment and thorough document review." (D.I. 93, at 3.) Plaintiff, however, provides no support to substantiate his supposed PTSD treatment, when it occurred, or how it relates to his ability to conduct a "thorough document review." (*See id.*) Moreover, Plaintiff *admits* that he has "always" had possession of the referenced 'key' text message, but that he only "recently understood its legal significance and the fact that it had been suppressed from review." (D.I. 94 ¶ 14.) Plaintiff's appreciation of the purported relevance of an unidentified, unexplained, and unattached text message is not relevant and does not support any form of relief under Rule 60. And, as further detailed below (and as in the Opposition), Plaintiff's claims as to suppression of evidence on account of any confidentiality order is baseless.

Indeed, as outlined in the Opposition, the docket plainly reveals that the parties never requested entry of a protective or confidentiality order, the Court never entered any protective or confidentiality order, and the parties never filed anything under seal. (*See* D.I. 1 to 70.) Plaintiff now provides an unsigned, undated, and incomplete apparent *draft* confidentiality order, which only confirms that the Court never issued any confidentiality or protective order in this case. (*See* D.I. 93.) And a review of the docket filings confirms that the parties never requested any materials be sealed or show that any materials were sealed by the Court. Accordingly, Plaintiff's claim regarding undiscovered evidence or other material is non-sensical.

Finally, the material that Plaintiff does produce also has absolutely nothing to do with the ground that this Court granted judgment in favor of Defendant, or by finding that Defendant did not amount Plaintiff's employer under Title VII or any other similar law. Plaintiff seemingly attempts to introduce evidence that purports to discredit the testimony of one of Defendant's

affiants, Kirk Slaughter ("Mr. Slaughter"), then Senior Collections Associate with Defendant, because he did not prepare or edit his affidavit, which was instead prepared by counsel. Foremost, it is irrelevant who prepared the content or format of a statement so long as the statement is true and accurate as to fact. More importantly, however, Mr. Slaughter's affidavit is not relevant to the Court's decision to grant summary judgment to Defendant 13 years ago on the grounds that it never employed Plaintiff. Mr. Slaughter's affidavit only concerned the issue of knowledge concerning Plaintiff claimed protected category and/or conduct. The Court found that issue *would have* been in dispute and supported denial of summary judgment *but for* the fact that Defendant never employed Plaintiff. As such, even if any of Plaintiff's representations are true concerning his recent discovery of this "newly" uncovered evidence, none of that "evidence" is relevant to the Court's decision to terminate this case as to Defendant and, in turn, none of it warrants any relief under Rule 60, even if Plaintiff's requests for relief were somehow found to be timely.

Accordingly, Plaintiff's Motions and requests for relief from judgment over a dozen years ago and/or to reopen his case should be denied.

**CONCLUSION**

For the foregoing reasons and those set forth in Defendant's Opposition, Plaintiff's Motions for Relief From Judgment Under Rule 60(b) and 60(d)(3) should be denied.

*_/s/ Jennifer C. Jauffret_*
Jennifer C. Jauffret (#3689)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Jauffret@rlf.com

*Attorneys for Defendant UPS Supply Chain Solutions, Inc.*

OF COUNSEL:

Emmet F. McGee, Jr.
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000

Dated: June 13, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, the foregoing *Defendant's Sur-Reply in Response to Plaintiff's Motions for Relief From Judgment Under Rule 60(b) and 60(d)(3)* was filed electronically with the Clerk of the Court using the CM/D.I. system and emailed and mailed via First Class U.S. Mail, upon the following:

Jason Scott
435 Balsam Drive
Dover, DE 19901

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)