**UNITED STATES DISTRICT COURT for the DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **Jason Scott,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 10-929-JLH** |
| **UPS/Supply Chain Solutions** | ) | |
| **Defendant.** | ) | |

FILED
8
AUG 07 2025
US DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(d)(3)**

Plaintiff Jason Scott respectfully submits this Sur-Reply to address material inaccuracies and misrepresentations made in Defendant's Opposition to Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(d)(3), which seeks relief based on fraud on the court.

This Sur-Reply is warranted to ensure that the Court has an accurate understanding of key factual and procedural matters—particularly regarding the existence of a **May 2011 stipulated confidentiality order**, sealed evidence, and the shifting positions taken by the defense.

## I. Procedural Background

Plaintiff's Motion under Rule 60(d)(3) set forth specific evidence of fraud on the court, including:

- The existence of a **signed confidentiality order** executed in May 2011 without Plaintiff's informed consent.
- The **concealment of material discovery**, including text message evidence, conflicting affidavits, and evidence favorable to Plaintiff's claims.
- A **contradictory affidavit and deposition** from a key defense witness, establishing that the affidavit was prepared by defense counsel and contained statements the witness later contradicted under oath.
- A **coercive phone call** from defense counsel on May 31, 2011—**the same day** Plaintiff's counsel's motion to withdraw was granted—urging Plaintiff to abandon the case.

Defendant's Opposition attempts to deflect attention from these issues by denying the existence of the May 2011 confidentiality order, mischaracterizing sealed evidence as untimely, and misstating the legal standard under Rule 60(d)(3).

## II. Clarification Regarding the May 2011 Confidentiality Order

Defendant inaccurately argues that "Plaintiff contends—without any evidence or proof—that in May 2011, counsel for Defendant requested that the court screen a proposed stipulated confidentiality order." This statement is **demonstrably false** and directly contradicted by the record.

**Plaintiff has submitted into the record the actual signed "Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material," dated May 2011, and signed by Judge JCJ** of the Eastern District of Pennsylvania, sitting by designation. The order bears the signature of defense counsel and reflects that Plaintiff's then-counsel signed "with permission." Plaintiff had no knowledge of the order's scope or the impact it would later have on the sealing of evidence critical to the case.

Despite being operative at the time, this **stipulated order does not appear as a docket entry,** and **was not addressed by the summary judgment judge (RGA),** who took over the case following a November 30, 2011 reassignment. There is no indication that Judge RGA ever reviewed the sealed material or was made aware of the confidentiality stipulation.

The May 2011 order is significant for several reasons:

1. **It governed discovery during a critical phase of the litigation**, including the sealing of Plaintiff's favorable text message evidence and a photograph showing gender expression—key elements of Plaintiff's Title VII claim.

2. **It was never litigated, challenged, or formally disclosed to Plaintiff after his counsel's withdrawal**. The defense continued to rely on the order without disclosing its existence or the means of challenging its application. Plaintiff, acting pro se during this transition, lacked notice and opportunity to contest its impact.

3. **The defense now falsely claims no such order was requested or entered**, despite its own participation in executing the stipulation. This is not a simple oversight—it is a continuation of a strategy that misled the court during the initial proceedings, and now seeks to mislead the Court again during the Rule 60(d)(3) review.

Plaintiff respectfully submits that this false assertion by Defendant underscores the necessity for relief under Rule 60(d)(3), which specifically addresses fraud committed on the court that affects the integrity of the judicial process.

**III. Judicial Reassignment and the Absence of Transparency**

The record confirms the following timeline:

- **Judge JCJ** (visiting from the Eastern District of Pennsylvania) was assigned to the case in November 2010.
- JCJ presided over case management conferences and signed the May 2011 confidentiality order.
- Plaintiff's counsel withdrew on **May 31, 2011**.
- **Judge RGA** was reassigned to the case on **November 30, 2011**, and presided over the summary judgment ruling in March 2012.

There is **no docket entry or motion indicating that the confidentiality order was ever brought before Judge RGA**. It is unclear whether he reviewed the sealed evidence before issuing summary judgment. This absence of transparency and judicial review of favorable evidence severely prejudiced Plaintiff and supports the claim that fraud on the court occurred.

**IV. Relief Requested**

Plaintiff respectfully requests that the Court:

1. **Grant relief from judgment** pursuant to Rule 60(d)(3) based on fraud on the court;
2. **Order that the May 2011 Confidentiality Order be unsealed and vacated**;

3. Permit Plaintiff to proceed with appropriate remedies, including the opportunity to have his claims heard on the merits based on the full and accurate evidentiary record.