**UNITED STATES DISTRICT COURT for the DISTRICT OF DELAWARE**

**Jason Scott,** )
**Plaintiff,** )
**v.** )
) **Civil Action No. 10-929-JLH**
**UPS/Supply Chain Solutions** )
**Defendant.** )

FILED
OCT 24 2025
US DISTRICT COURT
DISTRICT OF DELAWARE

**PLAINTIFF'S NOTICE OF NON-RECEIPT AND OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Plaintiff, appearing *pro se*, respectfully submits this combined Notice and Opposition concerning Defendant's recently filed **Motion for Leave to File a Sur-Reply** (D.I. 95) and the **proposed Sur-Reply**(D.I. 96).

**1. Notice of Non-Receipt**

Although Defendant's certificates of service state that both filings were "emailed and mailed via First Class U.S. Mail," Plaintiff never received either by email or by mail. Plaintiff only discovered their existence upon personally reviewing the PACER docket on October 22, 2025. Plaintiff requests that the Court take notice of this service failure and direct Defendant to ensure proper service of any future filings.

**2. Opposition to Leave to File a Sur-Reply**

1. **No new arguments were raised by Plaintiff.** Plaintiff's Reply merely corrected Defendant's misstatement that "no confidentiality order existed." Attaching the signed May 2011 Stipulated Order and supporting discovery citations is proper rebuttal —not "new evidence."
2. **Defendant's premise is factually incorrect.** A signed May 2011 Stipulated Confidentiality Order is on record bearing counsel's signatures and Judge JCJ's notation. Defendant's denial of its existence misrepresents the record.

3. **Prejudice to Plaintiff.** Allowing an unserved sur-reply would grant Defendant an improper advantage and further burden a pro se litigant who has already been denied timely notice of the filings.

4. **Sur-replies are disfavored.** Under D. Del. L.R. 7.1.2 and cases such as *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534 (D. Del. 2017), sur-replies should issue only to address genuinely new arguments raised for the first time in reply. That standard is not met here.

5. **Rule 60(d)(3) concerns fraud on the court, not relitigation of merits.** Defendant's Sur-Reply attempts to re-argue Title VII "employer" status instead of addressing the core issue — deception and concealment that undermined the integrity of the original judgment.

**3. Relief Requested**

Plaintiff respectfully requests that the Court:

1. Acknowledge non-receipt of D.I. 95 and 96;

2. **Deny** Defendant's Motion for Leave to File a Sur-Reply; or, alternatively, if leave is granted, permit Plaintiff to file a limited three-page sur-sur-reply within seven (7) days of proper service; and

3. Grant any other relief the Court deems just and proper.

**Dated:** October 22, 2025

**Respectfully submitted,**

**Jason S. (Pro Se)**
435 Balsam Dr.

Dover, DE 19901
302-423-6338
jdscott0518@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2025, I served this Notice and Opposition by email to counsel for Defendant at:

Counsel for Defendant

Richard's, Layton & Finger PA

Jennifer Jaufrett

Jaufrett@rlf.com

Emmett McGee

Emmett.mcgee@jacksonlewis.com